THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

```
FILED
BILLINGS, MT
2006 JUL 18 AM 9 27
PATRICK E. DUFFY, CLERK
BY _____
       DEPUTY CLERK
```

ANTHONY A. GOODMAN, )
        Plaintiff, ) CV 06-31-BU-RWA
)
vs. )
)
UNUMPROVIDENT CORPORATION, aka )
PROVIDENT LIFE AND ACCIDENT ) **FINDINGS AND RECOMMENDATIONS OF**
INSURANCE COMPANY, JEFFERSON ) **UNITED STATES MAGISTRATE JUDGE**
PILOT FINANCIAL INSURANCE ) **AND ORDER**
COMPANY, formerly known as )
UNITED LIFE AND ACCIDENT )
INSURANCE COMPANY and CHUBB )
LIFE INSURANCE COMPANY OF )
AMERICA, and JOHN DOES I-IV, )
)
        Defendants. )

---

Pending before the Court is Plaintiff's Motion to Remand. The United States Magistrate Judge has considered the briefs of the parties and, pursuant to 28 U.S.C. § 636 (b)(1)(B), recommends that the District Court deny Plaintiff's motion[1].

I.

<u>BACKGROUND</u>

Plaintiff filed this action in the Montana State District Court, Eighth Judicial District, Gallatin County, alleging claims for breach of contract and violation of the Montana Unfair Trade

---

[1] A remand order is dispositive and, as such, can only be entered by a district court. <u>Vogel v. U.S. Office Products Co.</u>, 258 F.3d 509, 517 (6th Cir. 2001).

1

Practices Act, MCA § 33-18-201 et seq. ("UTPA"), arising out of Defendants' conduct in denying benefits under disability and income replacement policies issued by Defendants. Plaintiff also seeks a declaratory ruling as to the Defendants' obligation to pay him disability benefits under the policies.

Defendants Unum Provident and Provident Life removed the case to federal court, based on the existence of federal question jurisdiction under 28 U.S.C. § 1331, and diversity of citizenship under 28 U.S.C. § 1332. Defendants contend that the benefits sought by Plaintiff arise under policies that constitute an employee benefit plan covered by ERISA, and that the claims are therefore preempted. As such, say Defendants, the action is a civil action raising federal questions that are properly removable to this Court.

Plaintiff has moved for remand of the action to state court, on the ground that the policies at issue are individual policies that are not governed by ERISA. To the extent that diversity jurisdiction exists under 28 U.S.C. § 1332, Plaintiff argues that this Court should decline to exercise its discretionary jurisdiction over Plaintiff's request for declaratory relief and should remand the action to the state district court.

II.

DISCUSSION

The parties agree that diversity jurisdiction exists under 28 U.S.C. § 1332. Nevertheless, Plaintiff asks the Court to decline to exercise that jurisdiction because the Complaint includes a

2

request for declaratory relief.

This Court has the discretion to decline to entertain a declaratory action. See Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). However, "[t]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).

> Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.

Id. (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). As the Ninth Circuit Court further stated in Dizol,

> [b]ecause claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a "virtually unflagging" obligation to exercise jurisdiction over these claims.

Id. at 1226 n. 6 (citing First State Ins. Co. v. Callan Assoc., 113 F.3d 161, 163 (9th Cir. 1997)). Thus, "[i]f a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Id. at 1225-26 (citing Chamberlain, 931 F.2d at 1367-68). Such is the case here.

3

Plaintiff asserts claims for breach of contract and violations of the UTPA, in addition to his claims for declaratory relief.  In that regard, this case is distinguishable from Kolstad v. Trinity Universal Insurance Co., 12 F. Supp. 2d 1101 (D. Mont. 1998), the primary authority relied upon by Plaintiff in support of his request for remand.  In Kolstad, the plaintiffs sought a declaration that an uninsured motorist policy provided coverage for emotional distress suffered by them when they learned that their daughter had died due to injuries inflicted by an uninsured motorist.  In declining to retain jurisdiction, the District Court first noted that there was "no non-discretionary claim that [warranted] retention of the declaratory action in order to avoid piecemeal litigation."  Id. at 1103.  Despite the absence of a parallel state proceeding, the Court recognized that the claim for money damages was completely dependent upon a finding of coverage, and that the case presented a "novel issue of state law--whether underinsured motorist coverage is available for emotional damages."  Id. at 1105.  Based on these considerations, the Court declined to retain federal jurisdiction.

In this case, however, Plaintiff does not just assert claims for damages that may be covered under the policies in question.  He also asserts independent claims for breach of contract and violations of the UTPA, arising out of the insurers' alleged conduct during the claims settlement process.  By pleading these additional claims, Plaintiff took his Complaint outside the ambit of Judge Molloy's ruling in Kolstad and brought it within the

4

general rule set forth in <u>Dizol</u>. Under <u>Dizol</u>, the Court finds that it has no discretion to refuse to exercise jurisdiction over Plaintiff's independent claims for breach of contract and violations of the UTPA, and that it would be inappropriate and would result in piecemeal litigation to decline to exercise jurisdiction over the claims for declaratory relief. Accordingly, the undersigned recommends that Plaintiff's motion to remand be denied.[2].

### III.

### RECOMMENDATION

For the foregoing reasons, and pursuant to 28 U.S.C. § 636 (b)(1)(B), the undersigned recommends that the District Court DENY Plaintiffs' Motion to Remand (Doc. # 12).

The parties shall have ten days from the date of service of these Findings and Recommendation in which to file objections pursuant to 28 U.S.C. § 636 (b)(1) and Rule 72(b), Fed.R.Civ. P..

The Clerk is directed to forthwith notify counsel of record of the making of this Order.

Done and dated this 18th day of July, 2006.

_____
United States Magistrate Judge

---

[2] Having so found, the Court need not determine at this time whether ERISA applies.